PER CURIAM.
This is a real estate property tax assessment case. The property is an apartment building in East Orange. The property owner appealed the assessments for the years 1992 through 1995. In *484 each of these years, the property was assessed at $247,200 for the-land, and $1,104,800 for improvements for a total of $1,352,000.
At trial, the property owner presented only one witness, a real estate appraiser, who testified as an expert. At the end of the property owner’s ease, the municipality moved to dismiss on the ground that the property owner had failed to present sufficient competent evidence to overcome the presumption of correctness to which the tax assessor’s appraisal was entitled. Glen Wall Assocs. v. Township of Wall, 99 N.J. 265, 273, 491 A.2d 1247 (1985). The motion was granted because the property owner had failed to establish the requisite evidentiary foundation for its expert witness’s opinion as to the value of the property.
The property owner’s expert witness obtained all of the data upon which he relied from the property owner’s attorneys. The attorneys did not testify. The witness received no information from the court-appointed receiver or the management company that had been operating the property.
The tax court judge’s opinion reads in part as follows:
The data, as I indicated, from the subject was incomplete and there was need for interpolation. Expert’s knowledge of the data ... as we’ve indicated, was limited. He got it from the lawyer. He was uncertain as to its accuracy. He had no discussions with those who assembled the data or with those who were managing the property during the years in which the data was generated. He had only a rudimentary explanation, and one that I find unsatisfying as to the rapidly changing categories, or rapidly changing numbers for various categories of income, in particular, as was noted before, the vacancy factor and the sewer and water charges.
So, my conclusions, although the subject may be overassessed, I’ve concluded that plaintiff has not proved it. Although the plaintiff’s expert’s analysis of the data may be adequate, I don’t reach that issue because the data he relied on is inadequate under the standards of Rodwood Gardens [, Inc. v. City of Summit, 188 N.J.Super. 34, 455 A.2d. 1136 (App.Div.1982) ]. There are missing years. He’s uncertain as to what’s cash and accrual. He’s uncertain as to shifting categories. There is no verification of the accuracy of the data, and I believe that the source of data coming from the attorney is not adequate to verify its accuracy.
We agree that the necessary evidentiary foundation for the expert witness’s opinion was lacking. N.J.R.E. 703; Glen Wall Assocs., supra, 99 N.J. at 280, 491 A.2d 1247 (noting that expert’s opinion should be fully supported); Bowen v. Bowen, 96 N.J. 36, *485 49-50, 473 A.2d 73 (1984) (evidence, data and facts upon which expert bases opinion must be made known to the court so the court can evaluate validity of opinion and weight it is to be afforded). Cf. Buckelew v. Grossbard, 87 N.J. 512, 435 A.2d 1150 (1981) (expert’s factually unsupported conclusions are inadmissible). The judgment appealed from is therefore affirmed substantially for the reasons stated by the tax court judge.